UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL LA MARR HARRIS,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

Case No. 24-13387
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1]**

Emanuel La Marr Harris filed this *pro se* suit against the State of Michigan, claiming the state is a "Constructive Trustee" of "a Constructive Trust identified as 'EMANUEL LA MARR HARRIS,' established upon his birth to protect his equitable interests." (ECF No. 1, PageID.4.) Harris says Michigan breached its fiduciary obligations by "permit[ing] actions that jeopardize the trust's value" and "refus[ing] to safeguard [Harris'] rights and equitable interests." (*Id.*) He seeks a court order "compelling the Defendant to perform trustee duties that are listed within the constructive trust," "preventing the Defendant from taking any action that diminishes the trust's value or infringes upon [his] equitable rights," "directing the Defendant to safeguard all trust assets and act in [his] best interest," and "mov[ing] this case into probate court." (*Id.* at PageID.5.) Along with his complaint, Harris filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) For the reasons below, the Court grants his application and dismisses his complaint.

I.

The Court first considers Harris' application to proceed without prepayment of fees or costs. (*Id.*) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that he cannot pay such fees. Harris reports that he is unemployed, receives no income, and has no assets. (ECF No. 2, PageID.10–11.) However, he also reports that he has no monthly expenses, no dependents, and no debt. (*Id.* at PageID.11.) Nevertheless, the Court finds that Harris is entitled to proceed in forma pauperis and grants his application. *See* 28 U.S.C. § 1915(a)(1).

II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). And as part of its preliminary screening, the Court must also dismiss any defendants who are immune from suit for monetary damages. *See* 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b); *McGore*, 114 F.3d at 608.

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not

required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

And although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011)*; see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'").

## III.

Harris' complaint is subject to dismissal for several reasons.

First, the Eleventh Amendment bars suits against states unless the state has expressly consented to being sued, thus waiving its sovereign immunity, *see, e.g.*,

3

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984), or Congress has properly abrogated state sovereign immunity, *see, e.g.*, *Fitzpatrick v. Bitker*, 427 U.S. 445, 451–52 (1976). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See Reetz v. United States*, 224 F.3 794, 795 (6th Cir. 2000). And "[a] plaintiff's failure to identify a waiver of sovereign immunity requires dismissal for lack of jurisdiction." *Gant v. United States Gov't*, No. 24-754, 2024 U.S. Dist. LEXIS 147797 (W.D. Mich. July 29, 2024). Harris points to no waiver of sovereign immunity, so his complaint against the State of Michigan must be dismissed.

Second, Harris' complaint does not identify a federal statute such that this Court can exercise jurisdiction over the case. "[F]ederal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). They can only decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). This includes two main types of cases: (1) cases in which a plaintiff alleges a violation of the U.S. Constitution or a federal statute or treaty, *see* 28 U.S.C. § 1331, and (2) cases in which a plaintiff raises state law claims against defendants who are citizens of a different state and alleges over $75,000 in controversy, *see* 28 U.S.C. § 1332. "A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

Harris' sole claim is for breach of a constructive trust—if this is indeed a claim,[1] it is a state law claim. *See e.g. Warren v. FRB of Chi.*, No. 17-13256, 2018 U.S. Dist. LEXIS 148238, at *1 (E.D. Mich. July 18, 2018) (identifying breach of trust as a state law claim), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 146967 (E.D. Mich. Aug. 29, 2018); *Aldridge v. Regions Bank*, No. 21-00082, 2024 U.S. Dist. LEXIS 98043, at *7–8 (E.D. Tenn. June 3, 2024) (identifying breach of fiduciary duties and breach of trust as state law claims). Harris does not cite a federal statute. And Harris, a Michigan resident (ECF No. 1, PageID.1), is not suing a citizen of a different state. So Harris' complaint does not plead facts to support federal jurisdiction.

Lastly, Harris' complaint is factually deficient. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Harris' allegations certainly fall into that category. He provides no details on how the alleged trust was created, what property is part of that trust, or how the State of Michigan supposedly breached its obligations as trustee. He merely states legal conclusions like "the Defendant has permitted actions that jeopardize the trust's value [and] [r]efused

---

[1] Under Michigan law, "[a] constructive trust is not an independent cause of action; rather, it is an equitable remedy." *CPAN v. MCCA*, 852 N.W.2d 229, 243–44 (Mich. Ct. App. 2014) *rev'd on other grounds by* 2015 Mich. LEXIS 2321 (Oct. 16, 2015). In fact, courts have dismissed "complaints that sought to impose a constructive trust" as "legally insufficient to state a claim." *Id.* at 224; *see also Dingman v. OneWest Bank, FSB*, 859 F.Supp.2d 912, 921 (E.D. Mich. 2012) ("plaintiffs' constructive trust claim . . . fails to state a plausible claim because no independent cause of action for constructive trust exists; a constructive trust is merely a remedy"). But even assuming Harris brought a claim for breach of fiduciary duty or breach of trust, rather than a standalone claim to create a constructive trust, it fails for the reasons outlined.

5

to safeguard Plaintiff's rights and equitable interests." (ECF No. 1, PageID.4.) This is insufficient to survive screening.

## IV.

For the reasons stated, the Court GRANTS Harris' application to proceed without prepayment of fees and costs (ECF No. 2) and DISMISSES Harris' complaint (ECF No. 1) WITHOUT PREJUDICE. In light of this summary dismissal, the motion to seal (ECF No. 6) is DENIED AS MOOT. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Date: January 13, 2025

                                            s/ Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE